IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBERT ROGERS, JR.,

       Plaintiff,                        No. CIV S-06-2556 GEB EFB P

    vs.

D. K. SISTO, et al.,

       Defendants.                 ORDER

_____/

      Plaintiff is a state prisoner without counsel prosecuting a civil rights action. See 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

////

1  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds,
2  for the limited purposes of the initial screening only, that it states a cognizable claim against
3  defendant A. Boholst.

4  For the reasons explained below, the court finds that the complaint does not state a
5  cognizable claim against defendants J. Harrera, J. Butler, J. Zamora, W. Rodriguez, or D. K.
6  Sisto.

7  Plaintiff may proceed forthwith to serve defendant A. Bololst and pursue his claim
8  against only that defendant or he may delay serving any defendant and attempt to state a
9  cognizable claim against defendants J. Harrera, J. Butler, J. Zamora, W. Rodriguez, or D. K.
10 Sisto.

11 If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
12 defendants J. Harrera, J. Butler, J. Zamora, W. Rodriguez, and D. K. Sisto, he has 30 days so to
13 do.  He is not obligated to amend his complaint.

14 If plaintiff elects to proceed forthwith against defendant A. Boholst, against whom he has
15 stated a cognizable claim for relief, then within 20 days he must return materials for service of
16 process enclosed herewith.  In this event the court will construe plaintiff's election as consent to
17 dismissal of all claims against defendants J. Harrera, J. Butler, J. Zamora, W. Rodriguez, and D.
18 K. Sisto without prejudice.

19 Any amended complaint must show the federal court has jurisdiction, the action is
20 brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
21 must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
22 who personally participated in a substantial way in depriving plaintiff of a federal constitutional
23 right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
24 deprivation of a constitutional right if he does an act, participates in another's act or omits to
25 perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
26 contends he was the victim of a conspiracy, he must identify the participants and allege their

agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

Plaintiff alleges the following: (1) J. Harrera and J. Butler placed plaintiff in administrative segregation knowing that disciplinary charges against plaintiff were false; (2)  W. Rodriguez and J. Butler filed a false complaint with the county District Attorney; (3)  W. Rodriguez and J. Butler transferred plaintiff to High Desert State Prison in retaliation for the District Attorney's refusal to prosecute plaintiff; (4)  unnamed officers confiscated plaintiff's property; (5) unnamed prison officials denied plaintiff's administrative appeals; and, (6) D. K. Sisto is subject to liability for failing properly to train his staff.

1  To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).  As long as placement in administrative segregation is not a pretext for punitive isolation, a prisoner has no cognizable interest in remaining free of such placement. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1102 (9th Cir. 1986).   A prisoner has no interest in freedom from false disciplinary accusations, *Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir.1997, or in being housed at any particular facility. *Meachum v. Fano*,  427 U.S. 215, 224 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 245-49 (1983).

An unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy).

To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);  *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid

such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Plaintiff's allegations are insufficient to state a claim under any of the above theories.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1986). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second-amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any

departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Cal. Code Regs*., tit. 15, § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants J. Harrera, J. Butler, J. Zamora, W. Rodriguez and D. K. Sisto.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants J. Harrera, J. Butler, J. Zamora, W. Rodriguez, or D. K. Sisto are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient, at least under the initial screening, to state a cognizable claim against defendant A. Boholst. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed November 15, 2006, one USM-285 form and instructions for service of process on defendant A. Boholst. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the November 16, 2006, complaint. The court will transmit them to the United

1  States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant A. Boholst will be
2  required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.
3  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent
4  to an order dismissing his defective claims against defendants J. Harrera, J. Butler, J. Zamora,
5  W. Rodriguez and D. K. Sisto without prejudice.
6  Dated:   December 5, 2006.

   _____
   EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBERT ROGERS, JR.,

        Plaintiff,                    No. CIV S-06-2556 GEB EFB P

    vs.

D. K. SISTO, et al.,

        Defendants.            <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

         __1__       completed summons form

         __1__       completed forms USM-285

         __2__       copies of the __November 15, 2006__ Complaint

Dated:

                                                          Plaintiff