IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBERT ROGERS, JR.,

      Plaintiff,                               No. CIV S-06-2556 GEB EFB P

     vs.

D. K. SISTO, et al.,                        FINDINGS AND RECOMMENDATIONS

      Defendants.

                               /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the November 15, 2006, complaint in which plaintiff claims that on March 3, 2006, defendant A. Boholst attacked plaintiff and then filed a false disciplinary report charging plaintiff with battery on a peace officer. On June 28, 2007, plaintiff filed a motion for a temporary restraining order and a preliminary injunction. He requests an order that he be transferred to a medical facility, in particular one where he need not be housed in administrative segregation in order to ensure his safety. He also seeks an order enjoining prison staff from retaliating against him for having filed this lawsuit. For the reasons explained below, plaintiff fails to meet the standards for preliminary injunctive relief.

       A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a

preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995).  Except for a greater imminence of threatened harm requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); *Century Time Ltd. v. Interchron Ltd.*, 729 F. Supp. 366, 368 (S.D.N.Y. 1990

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted).  "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

2

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). Furthermore, a court may enjoin only parties or non-parties with notice who are shown to be in active concert or participation with defendants. *See* Fed. R. Civ. P. 65 (providing for enjoining *parties*); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

Plaintiff's motion alleges that he suffered two forms of retaliation for having filed this lawsuit. He claims that in May of 2007, while confined at SCC Jamestown Prison, other prisoners attacked him and following the attack he received a disciplinary write-up. He also alleges that his transfer to Folsom State Prison (FSP) was retaliatory.

With respect to the allegation that he received a disciplinary write-up after other prisoners attacked him, plaintiff has failed to show a probability of success on his claim that the attack by other inmates was somehow orchestrated by the defendants or that the write-up was retaliatory. Moreover, plaintiff no longer is confined at the prison where this allegedly occurred and he has not shown a risk that any retaliatory acts are threatened or imminent at his current location. By his own admission, he was transferred to FSP, where he remains. Thus, even if the court could find that this somehow was retaliatory and could identify the prison official or officials who orchestrated it, plaintiff no longer is in need of protection from such person or persons. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (when a prisoner is removed from a prison his action for injunctive relief pertaining to conditions therein are usually rendered

moot).

Neither does plaintiff demonstrate entitlement to preliminary injunctive relief with respect to the fact of his transfer to FSP.  To be entitled to relief from allegedly retaliatory acts, it must appear that an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity, the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Plaintiff alleges that in May 2007, all prisoners at SCC Jamestown Prison, where he was confined at the time, were notified that they would be transferred because of administrative and custodial changes there.  Prisoners were given the opportunity to express a preference of the facility to which they would be transferred.  Plaintiff expressed interest in the California Medical Facility (CMF).  Plaintiff informed a classification committee that he had enemies at FSP. However, plaintiff was in fact transferred to FSP.  After informing staff there that he feared for his safety, he was placed into administrative segregation to ensure his safety.  Furthermore, plaintiff makes no showing that the decision to transfer him to FSP lacked a legitimate penological justification, such as a lack of space at other institutions.

Finally, plaintiff makes no showing of any likelihood whatsoever that he might prevail on the merits of the claims in his complaint.  Therefore, he has not met the requirements for entitlement to a preliminary injunction.

Accordingly, it is hereby RECOMMENDED that plaintiff's June 28, 2007, motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5