IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBERT ROGERS, JR.,

      Plaintiff,                        No. CIV S-06-2556 GEB EFB P

      vs.

D. K. SISTO, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the November 15, 2006, complaint, in which plaintiff alleges that defendant A. A. Boholst used excessive force against him. Plaintiff moves to compel discovery. *See* Fed. R. Civ. P. 37(a)(2)(B). Defendant Boholst has filed an opposition. As explained below, the motion must be denied because plaintiff served the discovery requests and filed the motion to compel beyond the times set in the scheduling order.

**I.**    **Facts**

      When plaintiff commenced this action on November 15, 2006, he was confined in the Sierra Conservation Center. On June 27, 2007, plaintiff filed a notice of his new address at Folsom State Prison. The return address was the Sierra Conservation Center. It is not clear from the record exactly when plaintiff was transferred. On June 28, 2007, the court issued a discovery

1

and scheduling order. *See* Fed. R. Civ. P. 16(a). In it, the court identified the Federal Rules of Civil Procedure that govern discovery. The court also ordered that discovery would close on October 19, 2007, and that all motions to compel discovery must be filed no later than that date. Furthermore, the court ordered that all requests for discovery must be served no later than 60 days before discovery closed, i.e., August 20, 2007. Plaintiff's June 28, 2007, motion for a temporary restraining order and preliminary injunction[1] shows that in early July 2007, upon his arrival at Folsom State Prison, plaintiff was placed in administrative segregation because he expressed fear that his life would be in danger if he were placed in the general population. Dckt. # 20, Motion for TRO, at 5. On September 7, 2007, plaintiff filed a notice of his new address at San Quentin State Prison. The return address, however, was Folsom State Prison. Again, it is not clear when plaintiff actually was transferred. However, he was released from administrative segregation to the general population at San Quentin on September 17, 2007. Plaintiff asserts that while in administrative segregation, he was not permitted access to the law library or to legal books and his legal papers at least temporarily were confiscated. Plaintiff served on defendant Boholst a request for the production of documents on September 27, 2007.[2] Defendant Boholst did not respond to the request.

////

---

[1] On March 8, 2008, the court denied this motion.

[2] Plaintiff also complains that he did not receive a notice of deposition until after the deposition had taken place. *See* Fed. R. Civ. Pro. 30(b)(1) (party shall give reasonable written notice to every other party). However, he does not seek any relief for this irregularity. The court has examined the record and determined that on August 13, 2007, defendant served a notice of deposition on plaintiff at Folsom State Prison, where he was confined at the time of the notice. On September 4, 2007, plaintiff submitted a notice of a new address. However, the return address on the notice is Folsom State Prison. Thus, it is not clear why plaintiff did not receive the notice. Defendant received a notice of plaintiff's new address and on September 10, 2007, served a new notice of deposition on plaintiff at his new address. Despite not having received the notice, plaintiff appeared for the deposition and agreed to proceed. Furthermore, plaintiff does not now demonstrate that he was unprepared for the deposition or unable adequately to respond to the questions based solely on the lack of notice. Accordingly, the court finds that plaintiff was not placed at any disadvantage by the fact that he did not actually receive the notice until after the deposition was taken.

## II. Standards

Rule 16 of the Federal Rules of Civil Procedure requires judges to enter an order setting a schedule for the orderly resolution of litigation in the federal courts. Fed. R. Civ. P. 16. A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Some time after June 27, 2007, plaintiff was transferred from the Sierra Conservation Center to Folsom State Prison, where he was placed in administrative segregation. On June 28, 2007, plaintiff notified the court that he was having difficulty gaining access to his legal papers concerning this case because he was in administrative segregation. Plaintiff does not in his motion to compel explain why he was in administrative segregation, but merely asserts that it was through no fault of his own. However, as noted above, in his June 28 motion for a temporary restraining order, he attaches a document showing that the placement was because he reported that his life would be in danger if he were in the general population. While it does not appear that plaintiff was at any "fault," it certainly appears that he was separated from the general population (and therefore subject to administrative segregation rules) for his own good. Under *Johnson*, however, it is not enough to assert that he lacked access to his legal papers. Plaintiff must show that he exercised some diligence in attempting to comply with the schedule. In this regard, plaintiff is woefully unsuccessful. Plaintiff does not detail the time-frame during which he was in administrative segregation. Nor does he detail exactly when he was transferred. It is possible that for security reasons, personal property is confiscated from prisoners pending transfer or in segregated housing. But plaintiff does not discuss these possible obstacles or how they might be overcome. More importantly, he does not explain what attempts he made to obtain his legal materials. Neither does he demonstrate that he made any attempt to serve discovery requests without having his legal materials. Thus, the court cannot find that plaintiff was diligent. The only conclusion is that the schedule must not be modified.

Having determined that there is no basis for modifying the scheduling order, the court finds that the analysis is quite simple.  The discovery request served on September 27, 2007, was served later than 60 days before the close of discovery.  Moreover, plaintiff filed his motion to compel on October 29, 2007, after the date discovery closed.  Plaintiff's discovery request and motion to compel were late.  Having failed to demonstrate that the schedule should be modified, the court finds that it cannot reach the merits of plaintiff's motion to compel.  It must be denied as untimely.[3]

Accordingly, it is ORDERED that plaintiff's November 2, 2007, motion for an order compelling discovery is denied.

Dated:  July 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff alleges that defendants failed to provide initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A).  However, the initial disclosures described therein are not required in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision."  Fed. R. Civ. P. 26(a)(1)(B)(iv).